## Commonwealth v. Tessitore

*John V. Rovinsky,* for the Commonwealth.
*R. Michael Edridge,* for defendant.

LAVELLE, *P.J.,* October 17, 1986 — On June 26, 1986, after a de novo hearing, we entered an order denying the appeal of defendant, Steven R. Tessitore (hereafter Tessitore), from the suspension of his motor vehicle operating privileges and the revocation of his motor vehicle registration. The Pennsylvania Department of Transportation (hereafter PennDOT) suspended Tessitore's license and revoked his motor vehicle registration because he failed to maintain financial responsibility on his motor vehicle at the time of an accident as required by 72 Pa.C.S. §1785. Tessitore's appeal of our order prompts this opinion, submitted in compliance with Pa.R.A.P. 1925.

Tessitore raised two issues at the de novo hearing: (1) He claimed that no violation of section 1785 occurred because the accident was not one requiring notice to a police department under section 3746 of the Vehicle Code, 72 Pa.C.S. §3746; and (2) Section 1785 is an unconstitutional delegation of legislative authority to PennDOT. After careful consideration of the testimony presented, we rejected Tessitore's contentions.

## FACTS OF THE CASE

The credible evidence presented at the de novo hearing produced the following factual scenario:

On November 21, 1985, at approximately 10:15 p.m., Sergeant Robert McDonald of the Summit Hill Police Department found a vehicle off the shoulder of Route 209 in the Borough of Summit

Hill. Sergeant McDonald testified that the car was up on an embankment and resting "just about up against" a utility pole. The vehicle had two flat tires, a leaking radiator and a crushed battery. Sergeant McDonald, now joined at the scene by a second officer, could not locate the operator of the vehicle in the area.

After calling for a tow truck, Sergeant McDonald ran a registration check and discovered that Tessitore was the owner of the vehicle. Both officers immediately proceeded to Tessitore's residence. When the officers arrived, Tessitore admitted to them that he had been the driver of the vehicle when the accident occurred. When requested to provide documentary proof of insurance coverage, Tessitore failed to comply. At the hearing, Tessitore admitted that he did not have insurance coverage on the vehicle at the time of the accident.

Tessitore subsequently received a notice from PennDOT that his operator's privileges were suspended and his vehicle registration was revoked for a period of three months.

## DISCUSSION

### 1. Reportable Accident

Section 1785 of the Vehicle Code provides that:

"If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle." 75 Pa.C.S. §1785.

At the hearing, Tessitore argued that no violation of section 1785 occurred because his accident was not one that was "reportable" under section 3746. We disagree.

Under section 3746, an accident must be immediately reported to the nearest police department if there is "damage to any vehicle involved to the extent that it cannot be driven away (from the accident scene) under its own power in its customary manner without further damage or hazard to the vehicle, other traffic elements, or the roadway, and therefore requires towing." 75 Pa.C.S. §3746.

We rejected Tessitore's claim because the evidence clearly showed that the vehicle could not be driven from the site of the accident.

The Commonwealth proved that the vehicle, when found by the police, had two flat tires and a leaking radiator. Tessitore himself testified that the battery had been smashed by the impact and that he had to abandon the car to get help to retrieve it. In our view, it is clear from the evidence that the vehicle could not have been driven away from the accident scene in this condition. The car required towing, and was in fact towed away from the scene.

## 2. Constitutionality of Section 1785

Tessitore also argued that section 1785 is an unconstitutional delegation of legislative authority to PennDOT. This argument is without merit.

The nondelegation rule is embodied in Article II, Section 1 of the Pennsylvania Constitution, which states:

"The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

While this nondelegation rule prohibits the legislature from delegating its power to make a law, it is

well settled that "the legislature can enact a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." Pennsylvania Human Relations Commission v. Chester School District, 427 Pa. 157 at 178, 233 A.2d 290 at 301 (1967); Locke's Appeal, 72 Pa. 491 at 498 (1873).

In enacting section 1785 of the Vehicle Code, the legislature did not violate the nondelegation rule. This section of the Vehicle Code is not a delegation of a power to make a law, but instead, is a delegation of the power to determine some fact or state of things.

Under section 1785, PennDOT has only been delegated the authority to make two factual determinations: (1) Whether the owner of a motor vehicle was involved in an accident requiring notice to a police department; and (2) Whether, at the time of the accident, the owner failed to maintain financial responsibility for the vehicle.

Once PennDOT has determined that both factual conditions of section 1785 have been met, the violation is complete and PennDOT must impose the required penalties. We therefore concluded that section 1785 is not an unconstitutional delegation of legislative authority.

## CONCLUSION

Having found from the evidence presented at the hearing that Tessitore was involved in a reportable accident on November 21, 1985, and that he failed to maintain financial responsibility on that date, we denied Tessitore's appeal.